IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS | § | |
| | § | |
| VS. | § | C.A. NO. 3:21-cv-3057 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Select Portfolio Servicing, Inc. ("Defendant" or "SPS") through undersigned counsel, hereby removes this case from the County Court at Law No. 1 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**I.    INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

1. On or about November 30, 2021, Plaintiff Lorita Davis ("Plaintiff") commenced this action by filing a Petition, Cause No. CC-21-05187, in the County Court at Law No. 1 of Dallas County, Texas (the "State Court Action").  See Exhibit C-1.  On December 3, 2021 Plaintiff obtained an ex parte temporary restraining order.  See Exhibit C-3.  Defendant filed an answer in the State Court Action on December 8, 2021.  See Exhibit C-4.  This action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action.  Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

---

[1]   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## II.     PLEADINGS AND NOTICE TO STATE COURT

2.     True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2]  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction as well as Federal Question jurisdiction.

## IV.     DIVERSITY JURISDICTION

### A.     Citizenship of the Parties

4.     This civil action involves a controversy between citizens of different states.  Plaintiff is a citizen of the State of Texas in that she resides in and is domiciled in Texas.[3]

5.     Defendant, Select Portfolio Servicing, Inc. is a Utah Corporation.  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[4]  SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its

---

[2] 28 U.S.C. §1332(a)(1).
[3] See Plaintiff's Original Petition (the "Complaint") at ¶2.
[4] 28 U.S.C. §1332(c)(1).

principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6. Because Plaintiff is a citizen of Texas and SPS is a citizen of a state other than Texas, there is complete diversity of citizenship among the parties.[5]

### B. Amount in Controversy

7. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[6] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[7]

8. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[8] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[9] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[10] In this instance, Plaintiff's Complaint makes it facially apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks temporary and permanent injunctive relief that would preclude Defendant from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.

---

[5] *See* 28 U.S.C. § 1332(c)(1).
[6] *See* 28 U.S.C. §1441(a).
[7] *See* 28 U.S.C. §1332(a).
[8] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[9] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[10] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

999999.190/4234894.1

9.     In addition to unspecified actual and exemplary damages, the filing of the present suit seeks to stop a foreclosure attempt by Defendant on property located at 1735 West Beltline Road, Desoto, Texas 75115 (the "Property").[11] The value of the Property according to the Dallas County Appraisal District is no less than $515,530.00.  *See* Exhibit D.

10.    As Plaintiff references in her Complaint, she seeks temporary and permanent injunctive relief precluding Trustee from foreclosing on the Property.[12]

11.    Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[13]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[14]  Plaintiff seeks relief which has and will continue to preclude enforcement of the contractual loan obligations or Defendant's right to foreclose on and take possession of the subject property.

12.    "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[15]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[16]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[17]  The value of the subject property in this instance for diversity purposes is no less than $515,530.00 per the records of the Dallas County Appraisal

---

[11] See Plaintiff's Complaint at ¶ 6.
[12] See Complaint at ¶¶ 87-92 and Prayer.
[13] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[14] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[15] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[16] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).
[17] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

999999.190/4234894.1

District for 2021. *See* Exhibit D. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.  FEDERAL QUESTION JURISDICTION

13. Removal is also proper because Plaintiff's suit involves a federal question.[18] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[19] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[20]

14. Among other claims, Plaintiff has alleged violations of the Real Estate Settlement Procedures Act ("RESPSA") as codified at 12 USC § 2601-2617 and 12 C.F.R. § 1024 (Regulation X).[21] Since Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction and removal is appropriate.

15. This Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.[22] As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[23] Accordingly, this Court also has jurisdiction based on Federal Question jurisdiction.

---

[18] 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[19] See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).
[20] *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Circ. 1988).
[21] See Complaint at ¶¶ 42-64.
[22] See 28 U.S.C. § 1367(a).
[23] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

## VI. JURY DEMAND

16. Plaintiff has not made any known jury demand in the State Court Action.

## VII. CONCLUSION

17. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2021, a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Kerry L. Prisock
1371 Hayward Drive
Rockwall, Texas 75087
Email: kprisocklegal@sbcglobal.net
**Via Email and CM RRR 9414 7266 9904 2180 5951 42**
**and US Mail**

    /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.