IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3057-G-BN |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Lorita Davis has filed an Emergency Motion for Temporary Restraining Order Hearing Regarding Foreclosure of Real Property. *See* Dkt. No. 13.

Defendant Select Portfolio Servicing, Inc. filed a response. *See* Dkt. No. 20.

The undersigned determines that a hearing is not required to resolve this motion because Plaintiff's emergency motion should be denied on a basis that does not involve the need to resolve any factual disputes or to rely on any disputed facts. *See ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 683-85 (N.D. Tex. 2015).

For the reasons explained below, the Court should deny the Emergency Motion for Temporary Restraining Order Hearing Regarding Foreclosure of Real Property [Dkt. No. 18], including the incorporated request for a preliminary injunction.

**Background**

Plaintiff filed this action on November 30, 2021 in state court in an attempt to delay a noticed foreclosure sale for December 7, 2021. Plaintiff obtained an *ex parte*

temporary restraining order on December 3, 2021, which prevented foreclosure for 14 days. *See* Dkt. No. 1-6. Defendant filed an answer in state court and then removed the case to this Court on December 8, 2021. *See* Dkt. Nos. 1 & 1-7. Plaintiff did not file a motion for preliminary injunction after removal or seek a hearing on continued injunctive relief, and the state court temporary restraining order expired.

Plaintiff's petition includes causes of action for (1) declaratory relief, (2) breach of contract, (3) violations of the Texas Property Code, (4) Texas Debt Collections Act, (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"), (6) breach of unreasonable collection efforts, (7) breach of duty of cooperation, (8) violations of 12 C.F.R. § 1024 (Regulation X of RESPA), (9) promissory estoppel, (10) negligent misrepresentation, (11) gross negligence, (12) breach of fiduciary duty, (13) breach of good faith and fair dealing, (14) demand for an accounting, and (15) intentional infliction of emotional distress. *See* Dkt. No. 1-4.

Plaintiff has since voluntarily dismissed various claims without prejudice, leaving only the pending claims of declaratory relief, breach of contract, violations of the Texas Debt Collection Practices Act, unreasonable collection practices, RESPA violations, and gross negligence and a demand for an accounting. *See* Dkt. Nos. 10 & 11.

Defendant has filed a pending Motion for Summary Judgment on all pending claims and requests for relief. See Dkt. Nos. 13 & 14.

On June 6, 2022, Plaintiff filed her Emergency Motion for Temporary Restraining Order Hearing Regarding Foreclosure of Real Property, seeking a

temporary restraining order and, if granted, a preliminary injunction to prevent Defendant and its agents or attorneys from selling the real property at issue, at 1735 West Beltline Road, Desoto, Texas 75115, or taking any action to evict Plaintiff and any other occupants, or enforcing a writ of possession regarding the property. *See* Dkt. No. 18. Plaintiff's motion explains that it "is supported by the unsworn declaration of Plaintiff, attached as Exhibit C and referenced herein." *Id*. at 4.

## Legal Standards

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (cleaned up). "To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted).

Because either a temporary restraining order or a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance," *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (cleaned up), an applicant must unequivocally "show (1) a substantial likelihood that [she] will prevail on the merits, (2) a substantial threat that [she] will suffer

irreparable injury if the injunction is not granted, (3) [her] threatened injury outweighs the threatened harm to the party whom [she] seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest," *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (cleaned up). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989). "As a result, [t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *ADT*, 145 F. Supp. 3d at 681 (cleaned up).

### Analysis

Plaintiff fails to meet her burden to show the required substantial likelihood that she will prevail on the merits of her claims.

As the primary basis for seeking a TRO, Plaintiff explains in a section of her motion entitled "Lack of Proper Notice" that:

> 2. No notice from the Defendant was received by Plaintiff of the Tuesday, June 7, 2022 scheduled foreclosure of her home. Defendant is well aware of how to notify Plaintiff. Plaintiff has received numerous notices and other mail from Defendant but not for the December 7, 2021 scheduled foreclosure date. The only way the Plaintiff has been even aware of the scheduled foreclosure date is from unsolicited contacts from perfect strangers wanting information about Plaintiff's home so that they could make an offer to purchase the home prior to the foreclosure.
>
> 3. Plaintiff is not interested in selling her home, she wants to fight to keep her home and if it is ultimately to be taken away from her it must be done by strict adherence to the letter of the law, which has not occurred in this instance.
>
> 4. Defendant has not followed the law while attempting to foreclose on her home. She was not given a twenty (20) day notice letter to cure any default. Plaintiff has not sent a payoff amount prior to the acceleration of the notice. Plaintiff has not received a twenty one (21) day notice of the foreclosure date as is required by the Texas Property Code. For these reasons alone, Defendant should be prevented from foreclosing on Plaintiff's home on the scheduled date.
>
> 5. Even Plaintiff's counsel did not receive a notice of acceleration or a notice of foreclosure. See Exhibit A referenced herein.
>
> 6. The Plaintiff has not received an accounting of what is owed and how it has been determined prior to this foreclosure proceeding.

Dkt. No. 18 at 2.

The alleged lack of notices related to a June 7, 2022 foreclosure sale as discussed above is not covered by Plaintiff's pending claims. And there can be no substantial likelihood that a plaintiff will prevail on the merits of assertions that she has not pled. *See Marable v. Dep't of Com.*, No. 3:18-cv-3291-N-BN, 2019 WL 7049993, at *2 (N.D. Tex. Nov. 19, 2019), *report and recommendation adopted*, 2019 WL 7049703 (N.D. Tex. Dec. 20, 2019).

But, even if the Court overlooks or forgives the absence of a live pleading relating to the foreclosure notice claimed to now be at issue, Plaintiff's motion and supporting evidence do not show the required substantial likelihood that she will prevail on the merits of this apparently new, unpleaded claim.

Plaintiff has only argued that Defendant and her counsel did not receive the required notice. But Plaintiff points to no legal authorities requiring foreclosure notice to a borrower's counsel. And, under Texas Property Code Section § 51.002(e), "[s]ervice of notice is complete when the notice is sent via certified mail," and "[t]here is no requirement that [Plaintiff] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). As Defendant persuasively argues, Plaintiff's evidence seeking to show a lack of receipt – even if fully credited – does not meet her burden to show that she is substantially likely to prevail on any claim regarding the notice of a June 7, 2022 foreclosure sale.

> And, as a secondary ground for seeking a TRO, Plaintiff explains that,
>
> [i]n addition to the lack of notice received by the Plaintiff regarding the impending foreclosure sale, Plaintiff's co-counsel outlined in Plaintiff's Original Petition a multitude of grounds for preventing the foreclosure from being carried out. At least fifteen (15) grounds for the TRO were listed in the petition. For easy reference, a copy of the Plaintiff's Original Petition is attached hereto as Exhibit B and made of part of this Motion by reference as if fully set forth at length. [The Original Petition included a thirty eight (38) page addendum which is on filed with the State court's records transferred in this case. Plaintiff hereby refers to the addendum to the Plaintiff's Original Petition a part of this Motion by reference as if fully set forth at length.]

Dkt. No. 18 at 3.

Plaintiff's referring to 15 grounds for the TRO tracks the 15 causes of action pleaded in the Original Petition, as listed above. *See* Dkt. No. 1-4. But, as explained above, Plaintiff has voluntarily dismissed 8 of those claims without prejudice. *See* Dkt. Nos. 10 & 11.

As to the remaining 7 claims, Defendant has filed a pending motion for summary judgment as to each claim. Plaintiff offers nothing to address Defendant's grounds for seeking summary judgment in its favor on these claims, including her claim for declaratory judgment, or to otherwise show a substantial likelihood that she will prevail on the merits on any of these claims.

Where a defendant's motion for summary judgment is properly granted, a plaintiff cannot show that she has a substantial likelihood of success on the merits. *See Thompson v. Basse*, 202 F. App'x 654, 655 (5th Cir. 2006). On the other hand, "[a] plaintiff is not required to prove its entitlement to summary judgment in order to establish 'a substantial likelihood of success on the merits' for preliminary injunction purposes." *Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

But, even if a plaintiff shows that there "exist genuine issues as to material facts and that [a defendant's] motion for summary judgment [should be] denied," that does not "require a conclusion that there is a substantial likelihood that [the plaintiff] will prevail on the merits." *Buchanan v. U.S. Postal Serv.*, 508 F.2d 259, 266 n.23 (5th Cir. 1975).

The Court "looks to standards provided by the substantive law to determine likelihood of success on the merits." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 286 (5th Cir. 2017) (cleaned up).

Here, Plaintiff does not attempt to address the merits of her pending claims at all, other than by offering bare assertions that "Defendant has not followed the law while attempting to foreclose on her home," that Plaintiff "was not given a twenty (20) day notice letter to cure any default," that "Plaintiff has not sent a payoff amount prior to the acceleration of the notice," and that "Plaintiff has not received an accounting of what is owed and how it has been determined prior to this foreclosure proceeding." Dkt. No. 18 at 2; *see generally* N.D. TEX. L. CIV. R. 7.1(d) ("An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a brief is not required by subsection (h) of this rule."). Plaintiff has not addressed Defendant's summary judgment arguments as to why some of her claims fail as a matter of law, without the need to resolve any factual dispute. *See, e.g.*, Dkt. No. 14 at 13, 15, 19, 20, 21-23. And so she has not – regardless of whether Defendant's version of any disputed facts should be credited – unequivocally shown a substantial likelihood that she will prevail on the merits of any of her remaining, pending claims.

Plaintiff's motion should be denied because, without addressing or relying on any factual disputes that might require a hearing, Plaintiff has failed to clearly carry the burden of persuasion on all four requirements for a TRO or preliminary injunction.

### Recommendation

For the reasons explained above, the Court should deny Plaintiff's Emergency Motion for Temporary Restraining Order Hearing Regarding Foreclosure of Real Property [Dkt. No. 18], including the incorporated request for a preliminary injunction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE